UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-206-MOC-DSC-1

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **PIERRE YVELT ALMONOR**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's motion for continued release pending appeal. (Doc. No. 130). The Government opposes Defendant's motion. (Doc. No. 133). Because the Court finds that Defendant poses a significant risk to the pecuniary safety of the community, Defendant's motion will be denied.

**I.     Background**

In June 2018, a federal grand jury indicted Defendant on three counts: wire fraud conspiracy, 18 U.S.C. § 1349l conspiracy to commit computer fraud, 18 U.S.C. § 371; and money laundering conspiracy, 18 U.S.C. § 1956(h). (Doc. No. 3). Defendant was arraigned in the Western District of North Carolina in January 2020, and thereafter released on an unsecured bond with pretrial services supervision.

In April 2022, the government filed an unopposed motion to dismiss the wire fraud and computer fraud conspiracy counts. (Doc. No. 70). In May 2022, the Defendant moved to dismiss the remaining count for money laundering conspiracy based on lack of venue. (Doc. No. 76). The government opposed Defendant's motion to dismiss, (Doc. No. 83), which the Court denied. Defendant demanded a jury trial.

1

After the Government's trial presentation, Defendant moved for judgment of acquittal under Fed. R. Crim. P. 29(a) based on insufficient evidence and lack of venue. The Court denied that motion, and Defendant was subsequently convicted by jury verdict of money laundering conspiracy. Thereafter, Defendant moved again for a judgment of acquittal on the same grounds, this time under Rule 29(c).

Pending sentencing, Defendant remained out of custody but under pretrial services supervision. (Doc. No. 92). Defendant maintains that he "has performed well while on pretrial and posttrial release for more than 4 years since his initial arrest." (Doc. No. 130 at 2). The Government disagrees. At Defendant's sentencing, the Government presented evidence that Defendant continued to lie to financial institutions even after his indictment. Specifically, the Government showed that in May 2021, while Defendant was on pretrial supervision, Defendant applied for and received a $19,800 COVID-19 Paycheck Protection Program ("PPP") loan. In applying for the loan, Defendant stated under penalty of perjury that he was not at that time the "subject of an indictment." But Defendant had been indicted in 2018. Defendant's statement in 2021 that he was not the subject of an indictment was an intentional false statement to a financial institution.

In January 2024, this Court sentenced Defendant to 51 months imprisonment followed by two years of supervised release. (Doc. Nos. 120, 121). At sentencing, the Court found that the Government proved that Defendant had committed fraud while on pre-trial supervision by submitting false statements to a financial institution in support of his application for a PPP loan. Defendant filed a notice of appeal a few days later. (Doc. No. 122).

II.     **Legal Standard**

Defendant moves for continued release pending appeal under 18 U.S.C. § 3143(b)(i).

According to that statute, the Court **must** detain a defendant who has been found guilty of an offense and sentenced to a term of imprisonment **unless** the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; **and**
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, **or**
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

See 18 U.S.C. § 3143 (emphasis added). The conjunctive "and" in 18 U.S.C. § 3143(b)(i)(A) indicates that if the Court finds the first requirement unsatisfied, it need not proceed to analyze the second requirement. Defendant-Appellant bears the burden to show that he meets these statutory requirements. United States v. Steinhorn, 927 F.2d 195, 196 (4th Cir. 1991).

### III. Analysis

Defendant maintains that he is not a flight risk and poses no danger to any person or the community. (Doc. No. 130 at 3). In support of that contention, Defendant shows that he has been on pre- and post-trial release for over four years without report of any incident of violation. (Id.). Additionally, Defendant argues that the Court's release of Defendant on bond following sentencing indicates that "this Court has **already found** that Mr. Almonor satisfies the first of the § 3143 factors." (Id.). Defendant offers no authority for his contention that the Court's release of Defendant following sentencing precludes the Court from finding against Defendant on the first § 3143 factor.

The Government disagrees with Defendant, who has the burden to show by clear and convincing evidence that he poses no danger to any person or the community. Defendant "cannot now claim that he had 'performed well' on release," the Government argues, because this Court found at sentencing that Defendant did not successfully complete all conditions of his pretrial release. (Doc. No. 133 at 6). Specifically, at sentencing the Government showed, and the Court found, that Defendant committed fraud while on pretrial release by making a false statement in applying for a $19,800 PPP loan. (Id.). By committing PPP fraud, Defendant violated the condition of his pretrial release prohibiting him from committing another state, local, or federal crime. (Id. at 6). The Government further notes that Defendant's PPP fraud was consistent with the underlying pattern of criminal conduct for which he was convicted: repeated false statements to a financial institution. (Id.). Thus, the Government argues, Defendant poses a danger "to the pecuniary safety of the community in light of the offense for which Defendant was convicted and his conduct while on pre-trial release." (Id. at 6–7).

The Government has the better of the argument. Defendant bears the burden to show, by clear and convincing evidence, that he poses no danger to any person or the community. Four years of model citizenship under probation office supervision would go a long way towards such a showing. But Defendant has not been a model citizen. Instead, while under indictment for money laundering, Defendant chose to defraud taxpayers of nearly twenty thousand dollars. The Court finds that Defendant poses a risk to the pecuniary safety of the community, particularly in light of his PPP fraud while on pretrial release. Consequently, the Court finds that Defendant fails to satisfy the first § 3143 factor. Thus, the Court need not move to the second § 3143 factor, and Defendant's motion will be denied.

4

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's motion for continued release pending appeal (Doc. No. 130) is **DENIED**. Defendant **SHALL** abide by his BOP designation **BOP Register # 25941-104**, and report to the **FCI MIAMI, Federal Correctional Institution on Tuesday, February 27, 2024, by no later than Noon**.

Max O. Cogburn Jr
United States District Judge

Signed: February 23, 2024